IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN HAMILTON | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-51 Erie |
| | ) | |
| | ) | District Judge McLaughlin |
| UNITED STATES OF AMERICA | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss [Document # 10] be granted.

**II.    REPORT**

**A.    Relevant Procedural History**

On February 7, 2005, Plaintiff Kevin Hamilton, an inmate incarcerated at the Federal Correctional Institution at McKean, filed this action pursuant to the Federal Tort Claims Act against the United States of America.  In his complaint, Plaintiff alleges that the government was negligent in that 1) it failed to protect him from assault by a fellow inmate and 2) that it provided inadequate medical care following the attack.

Presently before this Court is a motion to dismiss filed by the United States of America. Plaintiff has been given the opportunity to file an opposition to the pending motion, but has not done so.  This matter is ripe for disposition by this Court.

**B.    Statement of Facts**

Plaintiff alleges that on January 9, 2004, he was assaulted by another inmate, Christen Greinke, with whom Plaintiff alleges he had a history.  Plaintiff claims that the attack was racially motivated and that inmate Greinke "poured boiled water mixed with baby-oil and other

chemicals on my body..." As a result of the incident, Plaintiff suffered burnt and peeling skin on his face, neck and upper chest.

Plaintiff also alleges that following the assault he was denied medical attention, was negligently treated with Motrin/Tylenol and was refused outside medical treatment. Plaintiff claims that he was thrown into segregation and forced to sleep on a cold cement floor which resulted in the infection of his burns.[1]

Plaintiff received an incident report charging him with fighting with another inmate. Document # 10, Declaration of Roberta M. Truman. An investigation of the incident was conducted and a Discipline Hearing Officer concluded that Plaintiff committed the prohibited act of fighting with another inmate. Plaintiff was sanctioned with the loss of 27 days of good conduct time.

### C. Standards of Review
#### 1. *Pro se* litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a

---

[1] This claim is remarkably similar to the case of Leonard Corbin v. Unknown Named Lt., Civil Action Number 00-277Erie, which resulted in the award of $18,000 to the plaintiff following a bench trial. Despite the factual similarities, regrettably for Plaintiff Hamilton, his claims of grossly negligent medical treatment of his second and third degree burns will not be allowed to go to trial as he did not properly exhaust this claim.

Case 1:05-cv-00051-SJM-SPB   Document 13   Filed 01/09/06   Page 3 of 10

prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

       **2.**     **Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)**

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the as deficient on its face, the Court must take all allegations in the complaints as true. Mortensen v. First Federal Sav. and Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

       **3.**     **Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal

3

Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 4. Motion for summary judgment pursuant to Fed.R.Civ.P. 56

The United States has submitted exhibits and a declaration in support of its motion to dismiss. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v.

American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### D. The Exhaustion Requirement of the Federal Tort Claims Act

The United States moves to dismiss the negligent medical care claim for failure to exhaust in accordance with the Federal Tort Claims Act. The Federal Tort Claims Act grants jurisdiction[2] to the federal courts to hear suits against the United States government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674.

The FTCA specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency as a non-waivable prerequisite to the filing of the lawsuit. Id; See also Williams v. United States, 1995 WL 769497 (E.D.Pa. 1995) citing Bradley v. United States, 856 F.2d 575 (3d Cir. 1988), vacated on other grounds, 490 U.S. 1002 (1989). The purpose of the "exhaustion requirement is [...] to provide notice to the agency so that it can investigate the claim." Barnes v. United States, 137 Fed.Appx. 184, 188 (10th Cir. 2005) citing Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 852-53 (10th Cir. 2005).

Plaintiff's administrative tort claim reads, in its entirety:

> Claimant awoke from sleeping in his cell and began to prepare for the evening meal. Claimant left his cell and proceeded downstairs to the lower tier. Claimant while waiting for his Unit to be called for the evening meal decided to play a game of pool. Claimant racked the pool balls and awaited his turn to play pool. Claimant while waiting began to notice a music video on TV that interested him. Claimant at that time called upon a friend to hand him his walkman radio and headphones from out of his cell. The friend did so and handed Claimant the walkman radio and headphones as requested. Claimant proceeded back to the pool table area while wearing his headphones and listening to the music video that interested him. But, when proceeding back to the pool table area to play his game of pool, Claimant was attacked by an inmate with hot boiling water with a

---

2 Under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The terms of the government's consent define the court's jurisdiction over the case. Lehman v. Nakshian, 453 U.S. 156, 160 (1981).

> kind of chemical substance mixed. Claimant did not see the attacker when he attacked. Clamant was blind sided on his left when the attacker attacked with the hot substance. Claimant was then physically assaulted by his attacker, whose name is Greinke Register No. 11348-040, in which he threw several punches at Claimant's face.

Document # 10 , Exhibit E.

Unfortunately for Plaintiff, his administrative tort claim does not raise (or even allude to) a negligence claim arising out of inadequate medical treatment following the assault. Plaintiff's administrative filing only provided notice of his complaint regarding the assault. Therefore, the Bureau of Prisons was not properly notified of the allegedly negligent medical treatment. Because Plaintiff has failed to present this claim to the agency in accordance with requirements of 28 U.S.C. § 2674, this claim cannot proceed. Summary judgment should be granted in favor of the United States.

### E.    The Discretionary Function Exception to the FTCA

The United States moves to dismiss Plaintiff's failure to protect claim because it is excluded from the FTCA's waiver of sovereign immunity by the discretionary function exception.

While the FTCA generally grants jurisdiction to the tort plaintiff, there are some notable exceptions to the Act that put certain actions by government employees beyond the jurisdiction of the federal courts. One such exception that the government raises here is the discretionary function exception. Specifically, the United States is immune from liability for any act or omission "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680 (a) (1988).  The discretionary function exception to the FTCA "marks the boundary between Congress's willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." United States v. S.A. Empresa Biacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). The purpose of the exception to liability is to avoid judicial second-guessing of legislative and administrative

decisions that are grounded in social, economic, and political policies.  United States v. Gaubert, 499 U.S. 315, 323 (1991).

Complaints that fall within the discretionary function exception must be dismissed for a lack of subject matter jurisdiction.  Attallah v. United States, 955 F.2d 776, 783 (1st Cir. 1992).  The Supreme Court has provided a two-part inquiry to guide the application of the discretionary function exception. Gaubert, 499 U.S. at 322.  First, a district court must determine whether the nature of the conduct involves an "element of judgment or choice."  Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000), citing Gaubert, 499 U.S. at 322.  "Government conduct does not involve an element of judgment or choice, and thus is not discretionary, if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive."  Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997), citing Gaubert, 499 U.S. at 322.  In other words, when the conduct is specifically mandated by statute or regulation and does not provide any employee discretion, the challenged conduct is not entitled to immunity and thus, subject matter jurisdiction exists.  Second, "even if the challenged conduct involves an element of judgment, the court must determine 'whether the judgment is of the kind that the discretionary function exception was designed to shield.'"  Mitchell, 225 F.3d at 363, quoting Gaubert, 499 U.S. at 322-23.  The "focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by the statute, but on the nature of the actions taken and on whether they are susceptible to policy analysis."  Id.

Although the Third Circuit has not directly spoken on this issue, numerous courts have found that as a result of the discretionary function exception, the United States is not liable under the FTCA for failing to protect a federal inmate from an attack by another prisoner. Graham v. U.S., 2002 WL 188573 (E.D.Pa. Feb 05, 2002), affirmed without opinion by Graham v. U.S., 47 Fed.Appx. 198, --- F.3d ----, 2002 WL 31207712 (3rd Cir. 2002) (Table) ("It may be tragically unwise for Allenwood prison officials to allow inmates access to razor blades or foolish for them to allow inmates to view violent films.  But these choices are within the discretion that Congress has committed solely to prison officials.").  See also Cohen v. United

States, 151 F.3d 1338, 1340-45 (11ᵗʰ Cir. 1998), cert. denied, 526 U.S. 1130 (1999) (charge of negligence for improperly classifying assailant inmate at the lowest security level within discretionary function exception); Dykstra v. United States Bureau of Prisons, 140 F.3d 791, 795-97 (8ᵗʰ Cir. 1998) (charges of negligence for failing to warn inmate that his youthful appearance made him vulnerable to sexual attack and failure to act on plaintiff's complaint that other inmate was staring at him in a sexual manner within the discretionary function exception); Calderon v. United States, 123 F.3d 947, 948-51 (7ᵗʰ Cir. 1997) (charge of negligence for ignoring repeated information about threats against plaintiff by another inmate prior to attack within discretionary function exception); and Buchanan v. United States, 915 F.2d 969 (5ᵗʰ Cir. 1990) (discretionary function exception applied to prisoners' FTCA claim for damages sustained while prisoners were held hostage by Cuban detainees during a prison uprising).

Although the prison officials of the United States have a statutory duty[3] to protect inmates from harm, decisions regarding the best way to safeguard prisoners and the safety of the institution are discretionary in nature and do not provide subject matter jurisdiction to this Court for negligence claims against the United States. The government's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) should be granted as to Plaintiff's failure to protect claim as this Court lacks subject matter jurisdiction over it.

### III. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the motion to dismiss [Document # 10] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local

---

[3] Title 18 U.S.C. § 4042(a)(2), (3) provides:

> The Bureau of Prisons ... shall ... provide ... for the safekeeping, care and subsistence of all persons charges with or convicted of offenses against the United States ... [and] provide for the protection ... of all persons charged with or convicted of offenses against the United States.

Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

_____
Dated: January 9, 2006